| | |
|---|---|
| 1 | Darren J. Quinn (149679) |
| | Alexander E. Papaefthimiou (236930) |
| 2 | LAW OFFICES OF DARREN J. QUINN |
| | 12702 Via Cortina, Suite 105 |
| 3 | Del Mar, CA 92014 |
| | Tel: (858) 509-9401 |
| 4 | |
| | *Attorneys for Plaintiff SMOOTHREADS, INC.* |

FILED
2008 SEP -5 PM 1:38
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SMOOTHREADS, INC., a California corporation, d/b/a $2.95 GUYS, | CASE NO. 08 CV 1634 L LSP |
| Plaintiff, | **COMPLAINT** |
| v. | 1. Declaration of Utility Patent Invalidity [28 U.S.C. §2201] |
| ADDVENTURE PRODUCTS, INC., a California corporation, | 2. Declaration of Design Patent Invalidity [28 U.S.C. §2201] |
| Defendant. | 3. Lanham Act False Advertising [15 U.S.C. §1125(a)] |
| | 4. Unfair Competition [Cal. Bus. Prof. Code §§17200 *et. seq.*] |
| | **JURY TRIAL DEMANDED** |

COMPLAINT

ORIGINAL

1   Plaintiff SMOOTHREADS, INC., a California corporation, d/b/a $2.95 GUYS, by way of
2   complaint against Defendant ADDVENTURE PRODUCTS, INC., a California corporation, alleges
3   the following on information and belief:

## JURISDICTION AND VENUE

4   
5   1.   This Complaint arises under the patent laws of the United States (35 U.S.C. §§101
6   *et. seq.*), declaratory judgment laws of the United States (28 U.S.C. §§2201, *et seq*), trademark and
7   false advertising laws of the United States (15 U.S.C. §§1051, *et seq*), and the unfair competition
8   laws of the state of California (Cal. Bus. & Prof. Code §§17200, *et seq*).

9   2.   This Court has original jurisdiction over the first and second causes of action for
10  patent invalidity pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.  This Court has original
11  jurisdiction over the third cause of action for false advertising pursuant to 15 U.S.C. §1121(a) and
12  28 U.S.C. §1331.  This Court has original jurisdiction over the fourth cause of action for unfair
13  competition pursuant to 28 U.S.C. §1338(b).  This Court has supplemental jurisdiction over the
14  fourth cause of action for unfair competition pursuant to 28 U.S.C. §1367(a).

15  3.   Venue is proper in this district under 28 U.S.C. §1400(b) and 28 U.S.C. §§1391(b)
16  and (c).  This Court has personal jurisdiction over defendant and venue is proper in this district
17  because, *inter alia*, (a) defendant resides in this district, (b) defendant or its agents are doing business
18  in this district, (c) a substantial part of defendant's wrongful acts or omissions giving rise to
19  plaintiff's claims occurred in this district, and (d) the harm caused by defendant's wrongful acts or
20  omissions occurred in this district and defendant knew that said harm would occur in this district.

## THE PARTIES

21  
22  4.   Plaintiff SMOOTHREADS, INC. d/b/a $2.95 GUYS ("$2.95 Guys") is a California
23  corporation with principal place of business in Poway, California.
24  5.   Defendant ADDVENTURE PRODUCTS, INC. ("AVP") is a California corporation
25  with principal place of business in San Diego, California.
26  //
27  //
28  
COMPLAINT
-1-

## BACKGROUND

<u>AVP's Anti-Competitive Conduct</u>

6. Defendant AVP is one of many compressed t-shirt companies in the United States. Other compressed t-shirt companies include, but are not limited to, plaintiff $2.95 Guys, Creative Custom Tees, Inc., Simply Smashing, Inc., and Whitson Wells PMG, LLC.

7. These claims arise out of AVP's anti-competitive conduct. Part of this anticompetitive conduct consists of obtaining patents for compressed t-shirt packaging that are nothing more than common, pre-existing designs. AVP obtains these design patents by, *inter alia*, failing to disclose to the United States Patent and Trademark Office that the designs supposedly "invented" by AVP's president, Mr. Alan Davis, are commonplace both within and outside of the compressed t-shirt industry. AVP then repeatedly sues its competitors upon these design patents in an attempt to extort money from them and/or put them out of business.

8. AVP's anti-competitive conduct also includes its repeated suits against its competitors for the infringement of a utility patent issued to inventor Wayne M. Merry on August 27, 1991, Patent No. 5,042,227 (the "Utility Patent"). On information and belief, the Utility Patent expires on December 15, 2009. AVP acquired its rights in the Utility Patent, if any, on October 3, 2005. On information and belief, AVP acquired the Utility Patent for the primary purpose of utilizing the litigation process to extort money from its competitors, including but not limited to plaintiff $2.95 Guys, and put them out of business. AVP and its competitors had been selling compressed t-shirts for years before AVP acquired the Utility Patent. On information and belief, AVP does not utilize the utility patent in connection with the manufacture of its compressed t-shirts.

9. On information and belief, AVP did not invent the compressed t-shirt and holds only one utility patent for the compression of woven sheet articles, which is identified above. Regardless, AVP has also sought to gain an unfair advantage over its competitors by making false and/or misleading statements in its website, catalogs, and/or advertisements that AVP "created" or "invented" the original compressed t-shirt.

//

COMPLAINT

AVP's Prior Lawsuits

10. On March 1, 2004, AVP sued plaintiff $2.95 Guys in the Southern District of California, case number 04cv00435 (the "First Action"), for the purported infringement of the following of AVP's alleged design patents: (1) D451,797; (2) D431,187; (3) D439,151; (4) D431,186; (5) D442,856; (6) D464,876; (7) D441,282; (8) D431,185; (9) D411,799; (10) D431,184; (11) D431,774; (12) D439,153; (13) D439,152; (14) D445,671; (15) D451,009; (16) D451,010; (17) D451,011; (18) D452,649; (19) D451,380; (20) D454,060; (21) D456,244; (22) D455,341; (23) D455,646; (24) D456,243; (25) D454,059; (26) D459,984; (27) D459,985; and (28) D462,610. In the same action, AVP sued Creative Custom Tees for the purported infringement of the following of AVP's alleged design patents: (1) D431,186; (2) D442,856; and (3) D455,070.

11. In the First Action, AVP did not claim that $2.95 Guys or Creative Custom Tees, Inc. infringed any utility patent owned by AVP.

12. AVP and $2.95 Guys settled AVP's claims against $2.95 Guys in the First Action. On information and belief, AVP and Creative Custom Tees, Inc. settled AVP's claims against Creative Custom Tees in the First Action. The First Action was dismissed with prejudice on December 7, 2004.

13. Also on March 1, 2004, AVP sued Simply Smashing, Inc. in the Southern District of California, case number 04cv00437, for the purported infringement of the following of AVP's alleged design patents: (1) D441,282; (2) D442,476; (3) D451,009; (4) D451,797; (5) D456,244; (6) D449,981; (7) D431,187; (8) D439,151; (9) D431,186; (10) D464,876; (11) D455,070; (12) D451,010; (13) D452,649; (14) D454,060; (15) D455,341; (16) D455,646; (17) D456,243; (18) D459,984; and (19) D448,989. AVP did not claim that Simply Smashing, Inc. infringed any utility patent owned by AVP. On information and belief, AVP and Simply Smashing, Inc. settled AVP's claims against Simply Smashing, Inc.

14. On March 29, 2005, AVP sued plaintiff $2.95 Guys in the Southern District of California, case number 05cv00629 (the "Second Action"), for, *inter alia*, the purported infringement of the following of AVP's alleged design patents: (1) D411,799; and (2) D423,931.

COMPLAINT

-3-

15. In the Second Action, AVP did not claim that $2.95 Guys infringed any utility patent owned by AVP.

16. On October 6, 2005, AVP and $2.95 Guys entered into a settlement agreement regarding the Second Action. The Second Action was dismissed with prejudice on February 2, 2006.

17. After AVP filed the Second Action, it allegedly acquired the rights to the Utility Patent. The Utility Patent is for the compression of "woven" sheet articles. The Utility Patent specifies a compression pressure for 100% cotton woven sheet articles of between 1,400 and 2,100 psi. The Utility Patent also claims that the woven sheet articles compressed thereunder can be returned to their "original un-compacted condition by manipulation thereof without the addition of any liquid."

18. On March 22, 2007, AVP sued Simply Smashing, Inc. in the Southern District of California, case number 07cv00499, for, *inter alia*, the purported infringement of the Utility Patent and the following of AVP's alleged design patents: (1) D441,282; (2) D442,476; (3) D451,009; (4) 451,797; and (5) D456,224. Simply Smashing, Inc. counterclaimed against AVP for, *inter alia*, unfair business practices, unfair competition, false marketing, and false advertising. On or around February 25, 2008, AVP and Simply Smashing settled their respective claims. The case was dismissed on March 3, 2008.

19. On October 18, 2007, AVP sued Mr. Robert Weinberg and Whitson Wells PMG, LLC in the Southern District of California, case number 07cv02024, for the purported infringement of the Utility Patent and the following of AVP's alleged design patents: (1) D431,184; (2) D431,186; (3) D431,456; (4) D439,151; (5) D439,153; (6) D441,282; (7) D445,671; (8) D451,009; (9) D452,649; (10) D454,297; and (11) D455,341. The case is still pending.

20. On October 18, 2007, AVP sued plaintiff $2.95 guys in the Southern District of California, case number 07cv2025 (the "Third Action") for the purported infringement of the Utility Patent and the following of AVP's alleged design patents: (1) D431,184 and (2) D445,671. AVP alleges infringement of the Utility Patent despite the facts that the compressed t-shirts sold by plaintiff $2.95 Guys are not woven, are not compressed at between 1,400 and 2,100 psi, and require

COMPLAINT

-4-

the addition of water to be returned to their original state. AVP has stated that the purpose of the Third Action is to put $2.95 Guys out of business.

### FIRST CAUSE OF ACTION
(Declaration of Utility Patent Invalidity)
(28 U.S.C. §2201)

21. $2.95 Guys incorporates by reference the allegations set forth in paragraphs 1 through 20 of this Complaint as though fully set forth in this cause of action.

22. AVP claims to be the owner of all right, title and interest to United States Patent No. 5,042,227, issued to Wayne M. Merry on August 27, 1991 (the "Utility Patent"), including the right to sue and recover damages for infringements thereof.

23. AVP has asserted that products manufactured and/or sold by $2.95 Guys infringe the Utility Patent.

24. On information and belief, the Utility Patent is invalid and void under 35 U.S.C. §§101, 102, 103, and/or 112.

25. There is an actual and substantial controversy between AVP and $2.95 Guys regarding the validity of the Utility Patent. This controversy is evidenced by, *inter alia*, AVP's claim in the immediate action that $2.95 Guys has infringed the Utility Patent and $2.95 Guys' affirmative defense that the Utility Patent is invalid.

26. Pursuant to 28 U.S.C. §2201, $2.95 Guys seeks a declaration that the Utility Patent is invalid.

### SECOND CAUSE OF ACTION
(Declaration of Design Patent Invalidity)
(28 U.S.C. §2201)

27. $2.95 Guys incorporates by reference the allegations set forth in paragraphs 1 through 26 of this Complaint as though fully set forth in this cause of action.

28. AVP claims to be the owner of all right, title and interest to various United States Design Patents for compressed fabric article packaging (the "Design Patents"), including the right to sue and recover damages for infringements thereof. The Design Patents include the following:

COMPLAINT

| # | U.S. Patent No. | Issue Date | Inventor | Design Description |
|---|---|---|---|---|
| 1 | D411,799 | 07/06/1999 | Alan Davis | VCR Shape |
| 2 | D423,931 | 05/02/2000 | Alan Davis | Combination Package |
| 3 | D431,184 | 09/26/2000 | Alan Davis | Bottle Shape |
| 4 | D431,185 | 09/26/2000 | Alan Davis | Guitar Shape |
| 5 | D431,186 | 09/26/2000 | Alan Davis | Light Bulb Shape |
| 6 | D431,187 | 09/26/2000 | Alan Davis | Pointed Star Shape |
| 7 | D431,456 | 10/03/2000 | Alan Davis | House Shape |
| 8 | D431,773 | 10/10/2000 | Alan Davis | Jet Airplane Shape |
| 9 | D431,774 | 10/10/2000 | Alan Davis | Tree Shape |
| 10 | D439,151 | 03/20/2001 | Alan Davis | Tractor / Semitrailer Shape |
| 11 | D439,152 | 03/20/2001 | Alan Davis | Van Shape |
| 12 | D439,153 | 03/20/2001 | Alan Davis | Fish Shape |
| 13 | D441,282 | 05/01/2001 | Alan Davis | Numeral One (1) Shape |
| 14 | D442,476 | 05/22/2001 | Alan Davis | Guitar Shape |
| 15 | D442,856 | 05/29/2001 | Alan Davis | Light Bulb Shape |
| 16 | D445,671 | 07/31/2001 | Alan Davis | Necked Bottle Shape |
| 17 | D448,989 | 10/09/2001 | Alan Davis | Egg Shape |
| 18 | D449,981 | 11/06/2001 | Alan Davis | Rounded Star Shape |
| 19 | D451,009 | 11/27/2001 | Alan Davis | Capsule Shape |
| 20 | D451,010 | 11/27/2001 | Alan Davis | Bat Shape |
| 21 | D451,011 | 11/27/2001 | Alan Davis | Saw Shape |
| 22 | D451,380 | 12/04/2001 | Alan Davis | Screwdriver Shape |
| 23 | D451,796 | 12/11/2001 | Alan Davis | Racket Shape |
| 24 | D451,797 | 12/11/2001 | Alan Davis | Doughnut Shape |
| 25 | D452,649 | 01/01/2002 | Alan Davis | Helmet Shape |
| 26 | D454,058 | 03/05/2002 | Alan Davis | Key Shape |
| 27 | D454,059 | 03/05/2002 | Alan Davis | Telephone Shape |
| 28 | D454,060 | 03/05/2002 | Alan Davis | Hammer Shape |
| 29 | D454,061 | 03/05/2002 | Alan Davis | Apple Shape |
| 30 | D454,297 | 03/12/2002 | Alan Davis | Tractor / Trailer Shape |

COMPLAINT

| # | U.S. Patent No. | Issue Date | Inventor | Design Description |
|---|---|---|---|---|
| 31 | D454,298 | 03/12/2002 | Alan Davis | Butterfly Shape |
| 32 | D454,488 | 03/19/2002 | Alan Davis | Cross Shape |
| 33 | D455,070 | 04/02/2002 | Alan Davis | Soda Bottle Shape |
| 34 | D455,341 | 04/09/2002 | Alan Davis | Shoe Shape |
| 35 | D455,646 | 04/16/2002 | Alan Davis | Foot Shape |
| 36 | D456,243 | 04/30/2002 | Alan Davis | Shield Shape |
| 37 | D456,244 | 04/30/2002 | Alan Davis | Flag Shape |
| 38 | D459,984 | 07/02/2002 | Alan Davis | Bowling Pin Shape |
| 39 | D459,985 | 07/09/2002 | Alan Davis | Tooth Shape |
| 40 | D460,350 | 07/16/2002 | Alan Davis | Wedge Shape |
| 41 | D462,261 | 09/02/2003 | Alan Davis | Map Shape |
| 42 | D462,610 | 09/10/2002 | Alan Davis | Dollar Sign Shape |
| 43 | D464,876 | 10/29/2002 | Alan Davis | USA Map Shape |
| 44 | D469,347 | 01/28/2003 | Alan Davis | Dollar Sign Shape |
| 45 | D471,799 | 03/18/2003 | Alan Davis | Doughnut Shape |

29. On information and belief, the Design Patents are not limited to those listed above. $2.95 Guys reserves the right to designate additional Design Patents if it becomes aware of any additional Design Patents during the course of discovery.

30. The supposed "inventor" of the Design Patents, Alan Davis, is the president of AVP.

31. AVP has asserted, both against $2.95 Guys and others, that products manufactured and/or sold that are a colorable imitation of any of the Design Patents are infringing. AVP has sued various parties, including $2.95 Guys, Creative Custom Tees, Inc., Simply Smashing, Inc., Whitson Wells PMG, LLC, and Robert Weinberg, for the infringement of one or more Design Patents.

32. AVP's multiple lawsuits and allegations of infringement, as set forth above, have demonstrated its preparedness and willingness to enforce and litigate its alleged rights in the Design Patents.

33. AVP has, through its conduct set forth above, created the apprehension that $2.95 Guys will be sued if it manufactures or sells compressed t-shirts in any shape that AVP determines

COMPLAINT

is a colorable imitation of any of the Design Patents. AVP has therefore coerced $2.95 Guys into not manufacturing or using any design that is similar to the Design Patents, which has placed $2.95 Guys at a significant competitive disadvantage and damages its business.

34. On information and belief, the Design Patents, and each of them, are invalid and void under 35 U.S.C. §§101, 102, 103, 112, and/or 171.

35. On information and belief, AVP obtained the Design Patents, and each of them, by, *inter alia*, failing to disclose to the United States Patent and Trademark Office that the designs supposedly "invented" by Alan Davis are commonplace both within and outside of the compressed t-shirt industry.

36. On information and belief, the designs reflected in the Design Patents, and each of them, are not the result of the exercise of the inventive or originative faculty. On information and belief, all Alan Davis has done by way of the Design Patents, and each of them, is to simply design packaging for compressed t-shirts that resemble existing and well known forms.

37. On information and belief, the Design Patents, and each of them, derive commercial value from their resemblance to existing and well known forms.

38. There is an actual and substantial controversy between AVP and $2.95 Guys regarding the validity of the Design Patents. AVP's position regarding the validity of the Design Patents, and it demonstrated willingness to enforce and litigate the same, has put $2.95 Guys in the position of either exposing itself to litigation or refraining from behavior which $2.95 Guys believes it is entitled to do.

39. Pursuant to 28 U.S.C. §2201, $2.95 Guys seeks a declaration that each Design Patent is invalid.

### THIRD CAUSE OF ACTION
(Lanham Act False Advertising)
(15 U.S.C. §1125(a))

40. $2.95 Guys incorporates by reference the allegations set forth in paragraphs 1 through 39 of this Complaint as though fully set forth in this cause of action.

//

COMPLAINT

-8-

41. On information and belief, AVP has made false and/or misleading statements in interstate commerce, including that AVP "created" or "invented" the original compressed t-shirt, and other representations and/or practices that deceive the public regarding AVP's products.

42. AVP's false and/or misleading statements actually deceived and/or have the tendency to deceive a substantial segment of the consuming public.

43. AVP's deception is material, in that it is likely to influence the purchasing decisions of the consuming public.

44. Upon information and belief, AVP's false and/or misleading statements were made willfully and intentionally, with the knowledge that said statements were false and/or misleading and had the tendency to deceive a substantial segment of the consuming public and influence their purchasing decisions.

45. AVP's false and/or misleading statements have put $2.95 Guys at a competitive disadvantage, and $2.95 Guys has been or is likely to be injured by AVP's false and/or misleading statements. Any harm to $2.95 Guys will continue unless AVP's conduct is enjoined by the Court.

46. Pursuant to 15 U.S.C. §1116, $2.95 Guys requests an injunction against AVP to prevent the violation of 15 U.S.C. §1125(a) and directing AVP to file with the Court and serve on $2.95 Guys a report, in writing and under oath, setting forth in detail the manner and form in which AVP has complied with the injunction.

47. Pursuant to 15 U.S.C §1117, $2.95 Guys is entitled and seeks to recover
   a. Any and all damages sustained by $2.95 Guys;
   b. Any and all profits of AVP as a result of its acts complained of herein;
   c. Treble profits and damages;
   d. Costs of the action; and
   e. Reasonable attorney fees, as provided for by statute.

### FOURTH CAUSE OF ACTION
(Unfair Competition)
(Cal. Bus. Prof. Code §§17200 *et. seq.*)

48. $2.95 Guys incorporates by reference the allegations set forth in paragraphs 1 through

COMPLAINT
-9-

47 of this Complaint as though fully set forth in this cause of action.

49. This cause of action is brought pursuant to Cal. Bus. & Prof. Code §17200, *et seq.*

50. AVP has committed and continues to commit an unlawful, unfair or fraudulent business act or practice within the meaning of Cal. Bus. & Prof.. Code §17200.

51. AVP has engaged and continues to engage in unfair, deceptive, untrue or misleading advertising within the meaning of Cal. Bus. & Prof.. Code §§17200 and/or 17500.

52. AVP has committed and continues to commit an act prohibited by Cal. Bus. & Prof. Code §17500.

53. Pursuant to Cal. Bus. & Prof. Code §17203, $2.95 Guys seeks:

a. Such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by AVP of any practice which constitutes unfair competition;

b. Restitution to $2.95 Guys of any money or property, real or personal, which may have been acquired by means of AVP's unfair competition.

//

//

## PRAYER FOR RELIEF

WHEREFORE, plaintiff $2.95 Guys prays for judgment and relief on all causes of action, as more specifically detailed in each cause of action, against defendant AVP as follows:

1. A declaration that United States Patent No. 5,042,227 is invalid;
2. A declaration that United States Patent No. D411,799 is invalid;
3. A declaration that United States Patent No. D423,931 is invalid;
4. A declaration that United States Patent No. D431,184 is invalid;
5. A declaration that United States Patent No. D431,185 is invalid;
6. A declaration that United States Patent No. D431,186 is invalid;
7. A declaration that United States Patent No. D431,187 is invalid;
8. A declaration that United States Patent No. D431,456 is invalid;

COMPLAINT

| | | |
|---|---|---|
| 1 | 9. | A declaration that United States Patent No. D431,773 is invalid; |
| 2 | 10. | A declaration that United States Patent No. D431,774 is invalid; |
| 3 | 11. | A declaration that United States Patent No. D439,151 is invalid; |
| 4 | 12. | A declaration that United States Patent No. D439,152 is invalid; |
| 5 | 13. | A declaration that United States Patent No. D439,153 is invalid; |
| 6 | 14. | A declaration that United States Patent No. D441,282 is invalid; |
| 7 | 15. | A declaration that United States Patent No. D442,476 is invalid; |
| 8 | 16. | A declaration that United States Patent No. D442,856 is invalid; |
| 9 | 17. | A declaration that United States Patent No. D445,671 is invalid; |
| 10 | 18. | A declaration that United States Patent No. D448,989 is invalid; |
| 11 | 19. | A declaration that United States Patent No. D449,981 is invalid; |
| 12 | 20. | A declaration that United States Patent No. D451,009 is invalid; |
| 13 | 21. | A declaration that United States Patent No. D451,010 is invalid; |
| 14 | 22. | A declaration that United States Patent No. D451,011 is invalid; |
| 15 | 23. | A declaration that United States Patent No. D451,380 is invalid; |
| 16 | 24. | A declaration that United States Patent No. D451,796 is invalid; |
| 17 | 25. | A declaration that United States Patent No. D451,797 is invalid; |
| 18 | 26. | A declaration that United States Patent No. D452,649 is invalid; |
| 19 | 27. | A declaration that United States Patent No. D454,058 is invalid; |
| 20 | 28. | A declaration that United States Patent No. D454,059 is invalid; |
| 21 | 29. | A declaration that United States Patent No. D454,060 is invalid; |
| 22 | 30. | A declaration that United States Patent No. D454,061 is invalid; |
| 23 | 31. | A declaration that United States Patent No. D454,297 is invalid; |
| 24 | 32. | A declaration that United States Patent No. D454,298 is invalid; |
| 25 | 33. | A declaration that United States Patent No. D454,488 is invalid; |
| 26 | 34. | A declaration that United States Patent No. D455,070 is invalid; |
| 27 | 35. | A declaration that United States Patent No. D455,341 is invalid; |
| 28 | | |

COMPLAINT

36. A declaration that United States Patent No. D455,646 is invalid;

37. A declaration that United States Patent No. D456,243 is invalid;

38. A declaration that United States Patent No. D456,244 is invalid;

39. A declaration that United States Patent No. D459,984 is invalid;

40. A declaration that United States Patent No. D459,985 is invalid;

41. A declaration that United States Patent No. D460,350 is invalid;

42. A declaration that United States Patent No. D462,261 is invalid;

43. A declaration that United States Patent No. D462,610 is invalid;

44. A declaration that United States Patent No. D464,876 is invalid;

45. A declaration that United States Patent No. D469,347 is invalid;

46. A declaration that United States Patent No. D471,799 is invalid;

47. $2.95 Guys recover damages in an amount to be proven at trial;

48. $2.95 Guys recover AVP's profits in an amount to be proven at trial;

49. $2.95 Guys recover up to treble damages and/or profits, as allowed by statute, in an amount to be proven at trial;

50. An injunction against AVP to prevent the violation of 15 U.S.C. §1125(a);

51. An order enjoining AVP from continuing to engage, use, or employ any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code;

52. Restitution to $2.95 Guys of any money or property, real or personal, which may have been acquired by means of AVP's unfair competition

53. Attorney fees pursuant to, *inter alia*, 15 U.S.C. §1117 and California Code of Civil Procedure §1021.5;

54. Costs of this suit;

55. Pre-judgment and post-judgment interest, as permitted by the Court or under statute;

56. A jury trial on all claims so triable; and

COMPLAINT

58. Such other and further relief as the Court may deem necessary or appropriate.

Dated: September 5, 2008

Respectfully submitted by,

LAW OFFICES OF DARREN J. QUINN
DARREN J. QUINN
ALEXANDER E. PAPAEFTHIMIOU

_____
Alexander E. Papaefthimiou

12702 Via Cortina, Suite 105
Del Mar, CA 92014
Telephone: (858) 509-9401

*Attorneys for Plaintiff SMOOTHREADS, INC.*

COMPLAINT

-13-

## **DEMAND FOR A JURY TRIAL**

Plaintiff SMOOTHREADS, INC. d/b/a $2.95 GUYS demands a trial by jury on all causes of action so triable.

Dated: September 5, 2008

Respectfully submitted,

LAW OFFICES OF DARREN J. QUINN
DARREN J. QUINN
ALEXANDER E. PAPAEFTHIMIOU

_____
Alexander E. Papaefthimiou

12702 Via Cortina, Suite 105
Del Mar, CA 92014
Telephone: (858) 509-9401

*Attorneys for Plaintiff SMOOTHREADS, INC.*

COMPLAINT

-14-

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I (a) PLAINTIFFS<br>SMOOTHREADS, INC., a California corporation, d/b/a $2.95 GUYS | DEFENDANTS<br>ADDVENTURE PRODUCTS, INC., a California corporation<br><br>2008 SEP -5 PM 1:38<br>CLERK US DISTRICT COURT<br>SOUTHERN DISTRICT OF CALIFORNIA |
|---|---|
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   San Diego<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>(IN U.S. PLAINTIFF CASES ONLY)<br>BY:_____ DEPUTY<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Darren J. Quinn<br>LAW OFFICES OF DARREN J. QUINN<br>12702 Via Cortina, Suite 105<br>Del Mar, CA 92014 | ATTORNEYS (IF KNOWN)<br><br>'08 CV 1634 L LSP |

| II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY) | III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX<br>(For Diversity Cases Only)     FOR PLAINTIFF AND ONE BOX FOR DEFENDANT |
|---|---|

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).
~~copyright infringement and breach of contract~~ Declaratory Relief Invalidity of Patent 428 USCS 2201

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☒ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☒ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appelate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ | Check YES only if demanded in complaint:<br>JURY DEMAND: ☒ YES ☐ NO |
|---|---|---|---|

VIII. RELATED CASE(S) IF ANY (See Instructions):   JUDGE_____   Docket Number_____

DATE  9/5/08    SIGNATURE OF ATTORNEY OF RECORD  [signature]

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

$350  #154738  TAC  9/5/08

**ORIGINAL**

```
        UNITED STATES
        DISTRICT COURT
     SOUTHERN DISTRICT OF CALIFORNIA
           SAN DIEGO DIVISION

     # 154738      - TC
     * * C O P Y * *
     September 05, 2008
          13:47:12


        Civ Fil Non-Pris
USAO #.: 08CV1634
Judge..: M. JAMES LORENZ
Amount.:                  $350.00 CK
Check#.: BC2322



     Total-> $350.00


FROM: SMOOTHREADS, INC
      VS
      ADDVENTURE PRODUCTS
```